```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
              Civil No. 08-923(DSD)
              Civil No. 08-924(DSD)
```

Mary Reiland,

        Debtor/Appellant,

State of Minnesota,

        Interested Party/
        Appellant,

v.

Patti J. Sullivan,

        Trustee/Appellee.

    Alan E. Brown, Esq., Kenneth Corey-Edstrom, Esq. and Larkin, Hoffman, Daly & Lindgren, 7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN 55431, counsel for Mary Reiland.

    Chad A. Kelsch, Esq. and Leonard, O'Brien, Spencer, Gale & Sayre, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402, counsel for Patti J. Sullivan.

    Daniel L. Abelson, Minnesota Attorney General's Office, Suite 1100, 445 Minnesota Street, St. Paul, MN 55101, counsel for State of Minnesota.

    This matter is before the court on appellant State of Minnesota's ("State") unopposed motion to vacate the bankruptcy court's November 1, 2007, and February 28, 2008, orders. Based on a review of the file, record and proceedings herein, the court grants the State's motion.

    On October 4, 2005, debtor Mary Reiland ("Debtor") filed a voluntary petition for relief under chapter 7 of the United States

Bankruptcy Code. Debtor received a discharge on January 18, 2006, pursuant to 11 U.S.C. § 727. In Schedule B of her petition, Debtor disclosed that she is the beneficiary of a Disability Income Policy ("Policy") issued by Massachusetts Mutual Life Insurance Company, and in Schedule C she claimed her income from the Policy as exempt under Minnesota Statutes § 550.39. Trustee Patti J. Sullivan ("Trustee") objected to Debtor's claimed exemption asserting that § 550.39 violates the Minnesota Constitution. On July 27, 2006, the bankruptcy court issued a Notice and Certification of Challenge to Constitutionality of State Exemption pursuant to 28 U.S.C. § 2403(b), thus permitting the State to move to intervene as an interested party. The bankruptcy court granted the State's motion on August 18, 2006.

On November 1, 2007, the bankruptcy court sustained Trustee's objection, holding that § 550.39 violated article I, section 12 of the Minnesota Constitution. On February 28, 2008, the bankruptcy court denied the State and Debtor's motion for relief from the November 1 order. Debtor and the State appealed the bankruptcy court's orders to this court on March 3, 2008, and the State moved to certify a legal question to the Minnesota Supreme Court on April 7, 2008. The court certified the following question on May 14, 2008:

> Is Minnesota Statutes § 550.39 valid under the Minnesota Constitution where the amount of disability payments exempted by the statute is limited by the common law and the nature of a

2

>    disability insurance contract to an amount
>    less than or equal to the insured's pre-
>    disability salary?

(Doc. No. 18.) The Minnesota Supreme Court accepted the certified question on June 3, 2008. Soon thereafter, Debtor and Trustee settled the underlying bankruptcy proceeding and the bankruptcy court approved the settlement. As a result, the Minnesota Supreme Court vacated the June 3 order and declined the certification request on September 17, 2008. On September 22, 2008, the State moved this court to vacate the bankruptcy court's orders ruling on the constitutionality of § 550.39.

The Debtor's and Trustee's settlement of the underlying bankruptcy proceeding renders this action moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)(mootness occurs "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (internal citations omitted)). Vacatur is appropriate "where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.'" U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 23 (1994) (quoting Karcher v. May, 484 U.S. 72, 83 (1987)). Thus, vacatur is ordinarily inappropriate where mootness results from settlement because "the losing party has voluntarily forfeited [its] legal remedy by the ordinary processes of appeal ... thereby surrendering [its] claim to the equitable remedy of vacatur." Id. at 25. In this case, however, because the

State was not a party to the settlement that rendered this action moot, the court determines that vacatur is appropriate. Accordingly, **IT IS HEREBY ORDERED** that the State's motion to vacate is granted, [Civ. No. 08-923 Doc. No. 25; Civ. No. 08-924 Doc. No. 20] and the bankruptcy court's November 1, 2007, and February 28, 2008, orders are vacated.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  November 12, 2008

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court